# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:14-CR-213-LJO-SKO-1 |
|---|---|
| Plaintiff-Respondent, | |
| v. | ORDER DENYING PETITIONER'S § 2255 MOTION |
| RICHARD DIAZ | ECF No. 29 |
| Defendant-Petitioner. | |

Before the Court is Petitioner Richard Diaz's ("Petitioner" or "Diaz") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on October 26, 2016. ECF No. 29. The Government filed its opposition on December 12, 2016 (ECF No. 33), and Petitioner filed a reply on December 29, 2016 (ECF No. 34). Following the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Government filed a supplemental opposition, arguing therein that Petitioner waived his right to collaterally attack his sentence and that Petitioner's challenge is no longer cognizable on collateral attack in light of *Beckles*. ECF No. 35. Having considered the parties' briefing and the record in this case, the Court DENIES Petitioner's motion.

1

## BACKGROUND

On September 21, 2015, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), pursuant to an agreement under Federal Rule of Criminal Procedure 11(c), as charged in Count 1 of a single-count Indictment. ECF No. 19. In the Pre-Sentence Investigation Report ("PSR"), pursuant to section 2K2.1(a)(4)(A) of the United States Sentencing Guidelines ("Guidelines" or "USSG"), the United State Probation Office determined that Petitioner qualified for a sentencing enhancement because he committed the instant offense subsequent to sustaining a felony conviction for a "crime of violence" – a 2006 conviction for assault with a firearm on a person, in violation of section 245(a)(2) of the California Penal Code ("CPC"). PSR ¶¶ 9, 27; ECF No. 29 at 5. With the enhancement, Petitioner's base offense level was set at 20. *Id.* ¶ 9. Three points were subtracted for acceptance of responsibility. *Id.* ¶¶ 16-17. Therefore, Petitioner's total offense level was determined to be 17, with a criminal history category of V, bringing the applicable Guidelines range to 46-57 months. *Id.* at 17. On December 14, 2015, this Court sentenced Petitioner to a 57-month term of imprisonment. ECF Nos. 24 & 25.

## LEGAL FRAMEWORK

**A. 28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

[1] that the sentence was imposed in violation of the Constitution or laws of the United States;

or [2] that the court was without jurisdiction to impose such sentence; or

[3] that the sentence was in excess of the maximum authorized by law; or

[4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S.

333, 346 (1974).

**B. *Johnson and Welch***

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015).

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. In *Welch v. United States*, the Supreme Court held that its decision in *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016). "By striking down the residual clause for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering the 'range of conduct or the class of persons that the [Act] punishes." *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. *See, e.g.*, *United States v. Heflin*, 195 F. Supp. 3d 1134 (E.D. Cal. 2016).

//

## DISCUSSION

In his motion, Petitioner challenges his sentence on the basis that the calculation of his offense level pursuant to the Guidelines incorporated the same definition of a "crime of violence" that the Supreme Court determined was unconstitutionally vague in the context of the ACCA in *Johnson*.[1] ECF No. 29 at 5. Specifically, he contends that his sentence must be vacated because his CPC § 245(a)(2) conviction no longer qualifies as a "crime of violence" after *Johnson*, and therefore, that his base offense level should have been 14 rather than 20. *Id.*; USSG § 2K2.1(a)(6) (setting the base offense level at 14 if the defendant was a prohibited person at the time the defendant committed the instant offense). Applying the three-point reduction for acceptance of responsibility that Petitioner received, the corresponding Guidelines range for an offense level of 11 with a criminal history category of V is 24-30 months. *See* USSG, Chap. 5, Part A.

Petitioner's motion "is premised entirely upon the argument that the [*Johnson*] holding—that the ACCA's residual clause is unconstitutionally vague—applies equally to the Guidelines." *See United States v. Brown*, Case No. 1:12-CR-0357-AWI, 2017 WL 2021525, at *3 (E.D. Cal. May 12, 2017). However, in *Beckles*, the Supreme Court resolved this argument against Petitioner, holding that the Guidelines are not subject to vagueness challenges "because they merely guide the district court's discretion" and because "[t]he advisory Guidelines … do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." 137 S. Ct. at 874. Therefore, because the sole basis upon which Petitioner challenged his sentence under § 2255 has been foreclosed by the Supreme Court, the Court finds that Petitioner's sentence was properly imposed and **DENIES** Petitioner's § 2255 motion.[2]

---

[1] At the time of Petitioner's sentencing, the Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2) (2015).

[2] Accordingly, the Court need not address the Government's remaining argument regarding waiver.

**CONCLUSION AND ORDERS**

Based on the foregoing, **IT IS HEREBY ORDERED** that Petitioner Richard Diaz's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 29) is **DENIED**.

Furthermore, because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: **June 20, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE